**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAR 28 2000**

**TENTH CIRCUIT**

LONNIE RAY SIMPSON,

      Petitioner-Appellant,

v.

EUGENE ATHERTON and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 99-1471
(D.C. No. 99-D-497)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Proceeding pro se, Lonnie Ray Simpson seeks a certificate of appealability

in order to pursue this appeal from an order of the district court denying his

petition for habeas corpus brought pursuant to 28 U.S.C. § 2254.  Because Mr.

Simpson has failed to make "a substantial showing of the denial of a

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

constitutional right," as required under 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In December 1994, Mr. Simpson was arrested and imprisoned for a parole violation and suspicion of two counts of theft by receiving. In February 1995, while he was still imprisoned, he was charged in El Paso County Colorado, District Court with one count of theft by receiving, two counts of aggravated motor vehicle theft, and four counts of being an habitual criminal. Mr. Simpson retained counsel, but counsel was allowed to withdraw from the case in March 1995. Mr. Simpson hired another attorney and trial was set for July 24, 1995.

In April 1995, after Mr. Simpson was regressed to a state Department of Corrections facility, the Department of Corrections filed a detainer on Mr. Simpson regarding the El Paso County charges. On April 17, 1995, Mr. Simpson requested a final disposition of the detainer pursuant to the Uniform Mandatory Disposition of Detainers Act (UMDDA). His request was received by the El Paso County District Court on May 11, 1995.

On July 24, 1995, Mr. Simpson's attorney requested a continuance in his client's absence. The trial was reset for November 6, 1995. On September 11 and September 14, 1995, Mr. Simpson filed pro se motions to dismiss the El Paso County charges because he had not been provided a speedy trial in accordance with the UMDDA, and he had not authorized his attorney to seek a continuance.

On October 31, 1995, the trial court held a hearing and denied the motions to dismiss, finding that the original trial date of July 24, 1995 was within the 90-day period mandated by the UMDDA. On November 6, 1995, Mr. Simpson's attorney and the prosecutor made a joint request to continue the trial until December 4, 1995.

Other requests for continuances were made and granted, and trial finally commenced on August 26, 1996. Mr. Simpson was convicted of two counts of aggravated motor vehicle theft and four counts of being an habitual criminal. On March 10, 1997, he was sentenced to concurrent terms of twenty-four years in the custody of the Department of Corrections. On June 25, 1998, the Colorado Court of Appeals affirmed Mr. Simpson's conviction. On January 4, 1999, the Colorado Supreme Court denied his petition for writ of certiorari.

In his original habeas petition filed on March 12, 1999,[1] Mr. Simpson asserted thirty-five claims. On March 23, 1999, the district court ordered Mr. Simpson to show cause why the application should not be denied as a mixed petition because he had failed to exhaust state remedies as to claims five through thirty-five. See Rose v. Lundy, 455 U.S. 509 (1982) (holding that federal district court must dismiss a state prisoner's habeas corpus petition containing both

---

[1]Because Mr. Simpson filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to his appeal. See Lindh v. Murphy, 521 U.S. 320, 326 (1997).

unexhausted and exhausted claims). On April 16, 1999, in his response to the order to show cause, Mr. Simpson voluntarily dismissed all unexhausted claims. On May 28, 1999, the order directing Mr. Simpson to show cause was discharged. On July 8, 1999, Mr. Simpson filed a letter to the court asking that his case be held in abeyance while he exhausted state remedies on his new claims. The district court denied the request because Mr. Simpson failed to specify what his new claims were and failed to provide any reason that would justify holding the case in abeyance.

In the remaining four claims in his petition, Mr. Simpson argued that (1) his speedy trial rights were violated, (2) he was denied ineffective assistance of counsel because of his attorneys' repeated requests for continuances, (3) he was improperly adjudicated an habitual criminal because his current conviction should not count due to the speedy trial violation, and (4) cumulative error resulted in a fundamentally unfair trial. Mr. Simpson's speedy trial, ineffective assistance of counsel, and habitual offender claims were adjudicated on the merits in state court proceedings; therefore, to prevail, Mr. Simpson had to show that the adjudication of those issues was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. 2254(d). The district court found that Mr. Simpson failed to make such a showing and dismissed those claims. Therefore, finding no individual errors, the district court also dismissed Mr. Simpson's cumulative error claim.

On appeal, Mr. Simpson argues that the district court erred in its ruling, and in denying his request to hold the case in abeyance while he exhausted state remedies on new claims. We have reviewed the district court's judgment in light of Mr. Simpson's submissions to this court and the record on appeal. We agree with the district court that the speedy trial, ineffective assistance of counsel, and habitual offender claims should be dismissed. The Colorado Court of Appeals' application of Barker v. Wingo, 407 U.S. 514 (1972), in analyzing Mr. Simpson's speedy trial claim was not objectively unreasonable. Similarly, its application of Strickland v. Washington, 466 U.S. 668 (1984), in assessing Mr. Simpson's ineffective assistance of counsel claim was not objectively unreasonable. Mr. Simpson's arguments concerning his habitual offender status fail because of the dismissal of his speedy trial claim. Because there are no individual errors resulting from any of the above claims, Mr. Simpson has no viable cumulative error claim.

With regard to the district court's denial of Mr. Simpson's request to hold the case in abeyance while he exhausted state remedies on new claims, we also

find no error. The claims Mr. Simpson identifies as new claims in his petition are claims he raised in his original petition to the district court. Mr. Simpson voluntarily dismissed those unexhausted claims when the district court ordered him to show cause why his application should not be denied as a mixed petition. Having chosen to dismiss those claims in order to proceed with his petition, he cannot argue that the claims remain viable and that the court should have held the case in abeyance.

We therefore DENY Mr. Simpson's request for a certificate of appealability and DISMISS this appeal. We GRANT his motion for in forma pauperis status.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge